

**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.

No. 4:15-cr-154-A

ROBERT ALLEN BLACKBURN (2)

## FACTUAL RESUME

INFORMATION:

    <u>Count One</u>:   Conspiracy to Commit Mail Fraud in Violation of 18 U.S.C. § 371

PLEA:

    <u>Count One</u>:   Conspiracy to Commit Mail Fraud in Violation of 18 U.S.C. § 371

PENALTIES:

    The penalties the Court can impose include:

    a.    imprisonment for a period not more than 5 years;

    b.    a fine not to exceed $250,000;

    c.    a term of supervised release of not more than three years, which may be mandatory under the law and will follow any term of imprisonment. If the Defendant violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

    d.    a mandatory special assessment of $100;

    e.    restitution to victims or to the community, which may be mandatory under the law, and which the Defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

f.      costs of incarceration and supervision.

ESSENTIAL ELEMENTS OF THE OFFENSE:

To establish the offense alleged in Count One of the indictment, the government must prove the following elements beyond a reasonable doubt:

*First*:      That the defendant and at least one other person made an agreement to commit the crime of mail fraud as charged in the information;

*Second*:      That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

*Third*:      That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the information, in order to accomplish some object or purpose of the conspiracy.

The substantive crime of mail fraud in violation of 18 U.S.C. § 1341 occurs when the government can prove that:

*First*:      That the defendant knowingly devised or intended to devise a scheme to defraud as described in the information;

*Second*:      That the scheme to defraud employed false material representations, pretenses, or promises;

*Third*:      That the defendant mailed something or caused something to be sent through the United States Postal Service or a private or commercial interstate carrier for the purpose of executing such scheme or attempting so to do; and

*Fourth*:      That the defendant acted with a specific intent to defraud.

STIPULATED FACTS:

The Defendant stipulates that the following facts are true and correct:

1. From on or about January 1, 2004, and continuing thereafter until on or about December 31, 2014, in the Northern District of Texas and elsewhere, the defendants, **Kurtis Keith Lowe** and **Robert Allen Blackburn**, knowingly and willfully conspired and agreed together and with each other to commit mail fraud in violation of 18 U.S.C. §1341 as further described herein.

2. Defendant **Kurtis Keith Lowe** was the sole owner of Omni Capital Management Trust, ("OCMT") a d/b/a registered with the Tarrant County Clerk's office.

3. **Lowe** maintained a business bank account for OCMT at WoodForest National Bank.

4. Nevertheless, prior to the below-described conspiracy, OCMT was an inactive entity; that is, **Lowe** did not operate any business or perform any work, and OCMT was created merely as a convenience for **Lowe**.

5. Defendant **Robert Allen Blackburn** was a licensed insurance agent.

6. In 2004, **Blackburn** convinced a victim to invest money in OCMT, even though he knew that OCMT was not a functioning company. **Lowe** agreed to deposit the check from the investor into OCMT's account and give the proceeds to **Blackburn**.

Factual Resume - Page 3

7. **Lowe** and **Blackburn** repeated this procedure several times.

8. By 2007, **Blackburn** was regularly recruiting individuals to invest in OCMT using materially false representations about OCMT. In particular, **Blackburn** falsely represented that victims' would be invested in an annuity fund, when, in fact, he knew the money would not be invested at all.

9. **Lowe** continued to deposit and cash investors' checks through the OCMT bank account. **Lowe** gave **Blackburn** a significant portion of the proceeds, but kept some for himself and used some to make Ponzi payments to earlier investors.

10. In order to entice investors to make multiple investments, **Lowe** and **Blackburn** created additional bogus companies, including Amwest capital Management ("AMWEST") and National Fidelity Management ("NFM"). **Lowe** also opened accounts at Earth Class Mail, an out-of-state mail service, in order to make investors believe that the bogus companies were legitimate. **Lowe** also established separate telephone numbers for each bogus company to make the businesses appear legitimate.

11. When investors requested account statements or tax forms, **Blackburn** would tell **Lowe** how much the investor had deposited, and **Lowe** would generate forms falsely showing that the investors' money had been invested and had appreciated.

**Factual Resume - Page 4**

12. Between January 2007 and April 2014, **Blackburn** solicited funds from 21 different investors using false material representations. None of the money was invested.

13. **Blackburn** kept much of the funds he obtained from investors.

14. On over 40 occasions, **Lowe** paid investors Ponzi payments, that is, money obtained from other investors that was misrepresented as proceeds from a profitable investment. **Lowe** made over $250,000 in Ponzi payments.

15. **Blackburn** made a total of over $70,000 in Ponzi payments to various investors.

16. On or about January 21, 2014, **Lowe** and **Blackburn**, in furtherance of the above-described conspiracy, mailed by a private and commercial interstate carrier, that is UPS, an envelope addressed to investors R.M. and A.M., containing three false account statements that materially overstated account balances. The statements were sent via UPS from Tualatin, Oregon, to Arlington, Texas in violation of 18 U.S.C. §1341.

17.   SIGNED on this _10th_ day of _June_, 2015.

_____                    _____
ROBERT ALLEN BLACKBURN                        CHRISTOPHER CURTIS
Defendant

                                              Attorney for Defendant

**Factual Resume - Page 5**